Mark Wilson Hodge, Jason W. Earley, Chisenhall & Nestrud, Little Rock, AR, for Appellee.

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Johnny F. Harris appeals from a decision of the Bankruptcy Appellate Panel (BAP), affirming the bankruptcy court's[1] order granting The Boyd G. Montgomery Trust (Trust) relief from the automatic stay. For reversal, Harris argues that he was not properly notified of the bankruptcy court's hearing on the Trust's motion, that the Trust violated the automatic stay, and that the bankruptcy court's actions violated his constitutional rights.

We apply the same review standards as the BAP, reviewing the bankruptcy court's factual findings for clear error and its legal conclusions de novo. *See In re Vote*, 276 F.3d 1024, 1026 (8th Cir.2002). Upon careful review, we agree with the BAP's thorough and well reasoned opinion disposing of all of Harris's arguments. Accordingly, we affirm. *See* 8th Cir. R. 47B.

**John P. PONDER, Appellant,**

v.

**Leroy BROWNLEE, Arkansas Post Prison Transfer Board; Larry Zeno, Arkansas Post Prison Transfer Board; William Walker, Arkansas Post Prison Transfer Board; John Felts, Arkansas Post Prison Transfer Board; Carolyn Robinson, Arkansas Post Prison Transfer Board; John Belken, Arkansas Post Prison Transfer Board; Erma Hendrix, Arkansas Post Prison Transfer Board; Michael D. Huckabee, Governor, State of Arkansas, Appellees.**

---

1. The Honorable Audrey R. Evans, Chief Judge, United States Bankruptcy Court for the Eastern District of Arkansas.

No. 06–2648.

United States Court of Appeals,
Eighth Circuit.

Submitted: June 28, 2007.

Filed: July 5, 2007.

John P. Ponder, Grady, AR, pro se.

Before BYE, COLLOTON, and SHEPHERD, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

John Ponder appeals the district court's 28 U.S.C. § 1915A pre-service dismissal without prejudice of his 42 U.S.C. § 1983 action claiming that a change in clemency guidelines constituted an ex post facto violation. We grant Ponder's motion to appeal in forma pauperis, and, upon de novo review, we reverse. *See Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir.1999) (per curiam) (standard of review). While the district court found that Ponder's claim should be brought in a habeas action, we find that his claim was cognizable in a section 1983 action, as success on the claim would not necessarily spell a speedier release, but would at most speed consideration of his clemency application. *See Wilkinson v. Dotson,* 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). Accordingly, we remand to the district court for consideration of Ponder's claim on the merits.